# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

March 16, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**In Re: K.M.**

**No. 14-1050** (Taylor County 12-JA-12)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Chaelyn Casteel, appeals the Circuit Court of Taylor County's September 19, 2014, order terminating her parental rights to two-year-old K.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Nelson, filed a response on behalf of K.M. that supports the circuit court's order. On appeal, Petitioner Mother argues that the circuit court erred in terminating her parental rights. Petitioner also argues that the DHHR failed to make reasonable efforts to reunify the family.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, the DHHR filed an abuse and neglect proceeding against petitioner and K.M.'s biological father alleging a prior involuntary termination based upon domestic violence in the home and drug abuse. The circuit court held an adjudicatory hearing during which petitioner admitted that she abused drugs, that K.M. was born with amphetamines in her system, and that there was domestic violence in the home. Accordingly, the circuit court adjudicated petitioner as an abusive and neglectful parent. The circuit court ordered that petitioner submit to drug testing.

Thereafter, the circuit court granted petitioner a six-month, post-adjudicatory improvement period. The circuit court directed petitioner to attend relationship counseling, drug and alcohol counseling, Alcohol Anonymous ("AA") meetings, and to be honest with the multidisciplinary team and the circuit court. On March 18, 2013, a review hearing was held during which the circuit court heard testimony that petitioner tested positive for OxyContin and Suboxen. However, the circuit court granted petitioner a three-month extension of her post-adjudicatory improvement period.

On September 16, 2013, the circuit court held another review hearing during which the circuit court heard testimony that petitioner failed to submit to drug testing and failed to attend relationship counseling as previously ordered by the circuit court. As a result, the DHHR suspended petitioner's visitation rights with K.M. However, the following month, CPS informed

1

the circuit court that the service worker who testified during the September 16, 2013, review hearing provided the circuit court with incorrect information with respect to petitioner failing to submit to drug tests and failing to attend relationship counseling. Several days later, the circuit court held a dispositional hearing. At the conclusion of the hearing, the circuit court found that petitioner substantially complied with the terms of her post-adjudicatory improvement period in light of the clarifications of the CPS worker's prior testimony. Accordingly, the circuit court granted petitioner a six-month, dispositional improvement period.

In March of 2014, the circuit court held a review hearing during which the circuit court directed petitioner to provide verification that she attended AA meetings and therapy services. Several months later, the circuit court held another dispositional hearing. At the conclusion of the hearing, the circuit court found that petitioner tested positive for Suboxen and OxyContin and failed to attend therapy and AA meetings. The circuit court then terminated petitioner's parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review in such cases:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. While petitioner argues that the circuit court failed to employ the least restrictive alternative pursuant to West Virginia Code § 49-6-5(a), petitioner's argument ignores our further directions regarding termination upon findings that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future.

This Court has repeatedly stated as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, *W.Va.Code, 49–6–5* [1977] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under *W.Va.Code, 49–6–5(b)* [1977] that conditions of neglect or abuse can be

2

substantially corrected." Syl. pt. 2, *In Re: R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 2, *In re Dejah P.*, 216 W.Va. 514, 607 S.E.2d 843 (2004). In this case, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that petitioner "demonstrated a complete lack of improvement over a two year period." The record on appeal also supports that petitioner failed to complete her improvement period. Specifically, petitioner tested positive for OxyContin and Suboxen, failed to attend AA meetings, failed to complete substance abuse counseling, and other therapeutic services.

Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the parent can substantially correct the conditions of abuse and neglect includes one where "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child . . . ." The evidence shows that petitioner, over a two year period, failed to follow through with services designed to remedy the conditions of abuse and neglect. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

Petitioner also argues that the DHHR failed to make reasonable efforts to reunify the family. This Court disagrees. Specifically, petitioner contends that the DHHR failed to reunify the family when they suspended her visitation rights upon the false testimony of a CPS worker during the September 16, 2013, review hearing. While this Court acknowledges that petitioner's visitation rights were temporarily suspended based upon false information, the circuit court continued to offer petitioner services to reunify the family. By order entered November 25, 2013, the circuit court granted petitioner an additional six-month, dispositional improvement period with terms consistent with her post-adjudicatory improvement periods. During this additional improvement period, petitioner failed to follow through with services aimed at correcting the underlying issues of abuse and neglect. Accordingly, we find that the circuit court made reasonable efforts to reunify the family.

For the forgoing reasons, we affirm.

Affirmed.

**ISSUED:** March 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3